IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BILLY MILES,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**STATE OF ILLINOIS, PINCKNEYVILLE CORRECTIONAL CENTER, PERRY COUNTY, ILLINOIS, WEXFORD HEALTHCARE NURSES, DR. PEARCY MYERS, S. BROWN, C. HALE, DAVID W. MITCHELL, DEANNA KINK, and ROB JEFFREYS,**<br><br>    **Defendants.** | Case No. 23-cv-3569-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Billy Miles, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center ("Pinckneyville").[1] Miles's Complaint (Doc. 1), alleging that officials

---

[1] This case is one of 13 that the Court received from Miles. For ease of comprehension as the Court manages these cases, and any potential future cases, the cases have been assigned basic numeral identifiers as follows: *Miles v. Mitchell, et al.*, Case No. 23-cv-3562-NJR ("*Miles* 1"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3563-NJR ("*Miles* 2"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3564-NJR ("*Miles* 3"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2365-NJR ("*Miles* 4"), *Miles v. Mitchell, et al.*, Case No. 23-cv-2366-NJR ("*Miles* 5"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3567-NJR ("*Miles* 6"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3569-NJR ("*Miles* 8"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3570-NJR ("*Miles* 9"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("*Miles* 10"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3572-NJR ("*Miles* 11"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3579-NJR ("*Miles* 12"), *Miles v. Mitchell, et al.*, Case No. 23-cv-3580-NJR ("*Miles* 13").

failed to provide him with medical treatment, was dismissed for his failure to state a claim (Doc. 11). Specifically, Miles failed to allege that he had a serious medical need necessitating treatment (*Id.*). He also failed to provide any allegations regarding the treatment he sought (*Id.*). In his First Amended Complaint, Miles alleges that he failed to receive a second shingles vaccination upon his arrival at Pinckneyville (Doc. 15). He also alleges that nurses and Dr. Myers failed to provide him with care for a medical emergency (*Id.*).

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## Discussion

Simply put, the allegations in the First Amended Complaint are duplicative of claims already raised by Miles in his other pending cases. *See Miles v. Mitchell, et al.*, Case No. 23-cv-3571-NJR ("*Miles* 10"); *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"). In *Miles* 10, Miles also alleged that he was unable to obtain a shingles vaccination at Pinckneyville. *See Miles* 10, at Doc. 11, p. 2. Although the original Complaint in that case was dismissed without prejudice, Miles was granted leave to file an amended pleading. He did, in fact, file an Amended Complaint in *Miles* 10, and the allegations in that case are nearly identical to the claims in this case. Similarly, Miles's allegations in his First

Amended Complaint regarding treatment for a medical emergency (a swollen leg due to a clogged artery) are the subject of his claims in *Miles v. Mitchell, et al.*, Case No. 23-cv-3568-NJR ("*Miles* 7"). To the extent that Miles now tries to raise these claims in this case, the Court finds the claims to be duplicative. Miles cannot pursue the same claims against the same parties in parallel suits. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888 (7th Cir. 2012). Thus, to the extent Miles wishes to pursue claims regarding his access to a shingles vaccination or care for his swollen leg, he should pursue them in their respective cases. He cannot pursue identical claims in this case. Because the only allegations in this pleading are identical to the allegations in Miles's other pending cases, the Court finds that dismissal of this duplicate case is warranted. *McReynolds*, 694 F.3d at 888 ("The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration…whenever it is duplicative of a parallel action already pending.") (internal quotations omitted).

## Disposition

For the reasons stated above, Miles's First Amended Complaint is **DISMISSED without prejudice**.

Miles is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Miles wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Miles does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of

the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Miles may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 26, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**